**Mark S. CLARK, Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 52329.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1987.

Mark S. Clark, pro se.

William L. Webster, Atty. Gen., Kurt Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

### ORDER

PER CURIAM.

Movant, Mark S. Clark, appeals from the dismissal of his Rule 27.26 motion. Affirmed. Rule 84.16(b).

**Donna Fay BRANSON,
Petitioner-Appellant,**

v.

**Donald Gene BRANSON,
Respondent-Respondent.**

**No. 52349.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 23, 1987.

Craig A. Van Matre, Columbia, for petitioner-appellant.

Bradford A. Brett, Mexico, for respondent-respondent.

PER CURIAM: ·

Both parties appeal from a decree of dissolution. We affirm.

The parties were married in 1953. All six children born of the marriage were emancipated at time of trial. Wife works full time. Husband owns and operates a used car lot.

After finding the marriage to be irretrievably broken, the court dissolved the marriage. The court found all the property to be marital property and divided it between husband and wife. Husband was ordered to pay maintenance of $500.00 per month and wife's attorney fees.

On appeal wife assigns the following errors to the trial court in the division of marital assets:

[T]he Court assigned values to the real and personal property awarded the Wife in excess of any valuation that could be deduced from the evidence introduced at trial, the trial Court undervalued the real and personal property awarded the Husband by failing to take into account the evidence of the Wife's contributions to same under the "Source of Funds Rule," the Court erred in failing to consider the evidence concerning the Husband's concealment of marital assets, and the Court erred in failing to consider the physical disability of the Wife in apportioning marital assets between the parties.

Husband contends the court erred in ordering him to pay maintenance and wife's attorney fees. Husband also argues the allowance of maintenance was excessive.

We have carefully reviewed the record and conclude that the trial court's ruling is supported by substantial evidence and is not against the weight of the evidence. We have found no error in the trial court's declaration or application of the law, and we have determined that an extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.-16(b).